JAMES HAMMOND *v.* NELSON McCORD.

Contracts—Principal and Agent—Personal Responsibility of Agent for Contract Made for Principal.

> Appellee as agent of McAlter & Co., purchased tobacco from appellant agreeing to retain the tobacco in his possession as security for the price due appellant, but afterwards forwarded the tobacco to McAlter & Co. And the appellant brought an action to recover against the appellee, personally. Held, that the agreement to hold the tobacco as security to the appellant imposed on the appellee a personal obligation to hold it subjct to the debt.

APPEAL FROM FLEMING CIRCUIT COURT.

January 15, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee, acting as agent for McAlter & Co. in the purchase of tobacco, in Fleming county, having bought and received of the appellant 2,455 pounds of tobacco, at the price of $12 per hundred pounds, for the purpose of assuring payment to the appellant, executed and delivered to him the following writing:

> "March 18th, 1868. Received of James Hammond 2,435 pounds of tobacco for McAlter & Co., but it is understood that Hammond holds the tobacco until he gets pay for it. By Nelson McCord, agent."

From intrinsic evidence it appears that at the time of the execution of the above writing McCord promised the appellant to retain the possession of the tobacco as security for the price due him, till the same should be paid, but although part of the debt remained unpaid, he afterwards forwarded the tobacco to McAlter & Co. in another county.

And the appellant brought this action to recover against the appellee, personally, a balance of the price of the tobacco, and the circuit court having dismissed the petition, the plaintiff has appealed to this court.

The precise scope and terms of the appellee's agency, beyond a mere authority to buy and receive tobacco, not being shown, it does

not appear whether he was authorized to pledge the tobacco, or create a lien upon it, or not.

But it is insisted for the appellee that his agency being apparent from the contract itself, it should be presumed that he did not exceed his authority. Whether this be so or not, with reference to a contract importing only an agreement of a principal made through his agent, if the deduction is authorized, from the contract, that the appellee undertook personally to retain the tobacco as security for the appellant's debt, he is individually liable, although his agency was disclosed *(1 Parsons on Contracts, 65)*.

The manifest object of the agreement was to give to appellant a security for his debt, for which McAlter & Co. were already bound; but if the stipulation to retain the tobacco in the appellee's hand was only *their* undertaking, and imposed no responsibility on *him,* and left him free to defeat the object of the contract by sending the tobacco away, it is difficult to perceive what benefit was secured to appellant by the agreement, for on the removal of the tobacco, his remedy would only be, what he had at first, a right of action against McAlter & Co. But such is not our construction of the contract. On the contrary, it was intended, in our opinion, thereby to impose on the appellee a personal undertaking to hold the tobacco subject to the debt.

It results, therefore, that the court erred in dismissing the petition.

Wherefore, the judgment is reversed, and the cause remanded, with directions to render a judgment for the plaintiff.

*Cord, for appellant.*

*Cox, for appellee.*